953 F.2d 687
 293 U.S.App.D.C. 291
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
GARY DAVIS, Appellant
v.
KIM SALAZAR, et al., Appellees
 No. 90-7059
 United States Court of Appeals,
District of Columbia Circuit
 Filed, Feb. 5, 1992
 
 Appeal from the United States District Court for the District of Columbia. CV No. 89-1193
 Before MIKVA, Chief Judge, RUTH B. GINSBURG, AND RANDOLPH, Circuit Judges.
 
 PER CURIAM
 
 1
 This case was considered on the record from the United States District Court for the District of Columbia and on the briefs and oral arguments presented for the parties.* After full review of the issues presented, the court concludes that appropriate disposition of the appeal does not warrant an opinion. See D.C. Cir. Rule 14(c).
 
 
 2
 Taking into account all of the evidence presented in the case, including evidence of the tenant's actions as well as those of the landlord, we are satisfied that the district court committed no reversible error in refusing to submit to the jury's judgment the issue of punitive damages. We note that this case was brought to federal court solely on the basis of the parties' diverse citizenship and alleged amount in controversy. The district judge, it is not contested, was required to view the evidence in the light most favorable to the plaintiff. Critical to our decision, however, the trial judge was not obliged to read District of Columbia precedent more broadly than required by the circumstances adjudicated in District of Columbia courts to date. Cf. Vassiliades v. Garfinckel's, Brooks Brothers, Miller & Rhoades, Inc., 492 A.2d 580, 593 (D.C.1985) ("Courts do not favor punitive damages[.]").
 
 
 3
 Plaintiff, now appellant, represented in his brief to this court that he "had not violated anything at the time of the wrongful eviction," and that defendant's "only claim is the imaginative assertion that appellant was behind in his rent, which is not supported by the evidence." Appellant's Reply to Appellee's Brief at 13. At trial, in contrast, plaintiff testified that some of his rent checks were late and that a rent check he wrote bounced. See Trial Transcript at 12-14. While defendant was appropriately found liable for compensatory damages, none of the cases cited in support of the plaintiff's plea for punitive damages involved tenant conduct similar to that presented here. For the reasons stated, it is
 
 
 4
 ORDERED and ADJUDGED that the judgment from which this appeal has been taken be affirmed.
 
 
 5
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 
 6
 ---------------
 
 
 
 * The court acknowledges with appreciation the excellent brief and able oral argument presented by the Georgetown University Law Center Appellate Litigation Program as amicus curiae in support of appellant.